IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY GENE SMITH, JR., #283200, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-667-ECM-SMD |
| ) | [WO] |
| REOSHA BUTLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro Se Plaintiff Bobby Smith, Jr. ("Smith"), a state inmate at the Ventress Correctional Facility ("Ventress"), brings this action under 42 U.S.C. § 1983. Smith alleges that, due to the COVID-19 pandemic, the conditions at Ventress are hazardous to his health and safety. Smith now moves for a preliminary injunction. (Doc. 13.) For the following reasons, the undersigned RECOMMENDS that Smith's motion be DENIED.

### I.    BACKGROUND

In his amended complaint, Smith explains that several inmates who had previously tested positive for COVID-19 were transferred from the Easterling Correctional Facility ("Easterling") to Ventress, which was free of the virus. (Doc. 13) pp. 3–13. He alleges that Defendants acted with deliberate indifference to his health and safety by not implementing measures recommended by health officials to stop the spread of COVID-19 at Ventress. *Id.* Smith maintains that Ventress is overcrowded making it difficult to engage in social distancing, that Ventress inmates are forced to live and sleep in close and unsanitary

quarters, and that Ventress inmates sit shoulder to shoulder with other inmates in the dining hall making Ventress "an incubator" for the spread of COVID-19. *Id.* at 4–5.

Based on these facts, Smith moves for a preliminary injunction prohibiting Defendants from transporting individuals who have tested positive for COVID-19 to Ventress and requiring inmates and staff of Ventress to undergo COVID-19 testing. *Id.* at 15–17. Defendants counter that the requested relief is not warranted due to the health and safety measures taken by Ventress staff in response to the COVID-19 pandemic. (Doc. 32).

## II.   LEGAL STANDARDS

To receive a preliminary injunction, the moving party bears the burden to establish that: (1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the injunction would not substantially harm the other litigant; and (4) if issued, the injunction would not be adverse to the public interest. *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1176 (11th Cir. 2019) (citing *Powell v. Thomas*, 641 F.3d 1255, 1257 (11th Cir. 2011)); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975).[1] The third and fourth elements merge when the Government is the non-moving party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). A preliminary injunction should be issued only when drastic relief is necessary. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

---

[1] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. This protection applies to the conditions of a prisoner's confinement. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). That is not to suggest that the Eighth Amendment mandates comfortable prisons. *Id.* at 349. Harsh and even restrictive prison conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347. Prison conditions give rise to an Eighth Amendment violation "only when they 'involve the wanton and unnecessary infliction of pain.'" *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quoting *Rhodes*, 452 U.S. at 347).

To bring a viable Eighth Amendment challenge to a condition of confinement, an inmate must make two showings. First, the inmate must demonstrate that the condition poses an unreasonable risk of serious damage to his future health or safety. *Id.* Second, the inmate must establish that the defendant prison officials acted with deliberate indifference with regard to the challenged condition. *See, e.g.*, *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). The Eleventh Circuit has held that an increased risk of contracting COVID-19 within a prison does not amount to deliberate indifference so long as the defendant prison officials acted reasonably to mitigate the spread of the virus. *Swain v. Junior*, 961 F.3d 1276, 1289 (11th Cir. 2020) (per curiam).[2]

### III. DISCUSSION

The undersigned finds that Smith has failed to make the showings necessary to receive a preliminary injunction. To begin, Smith has not shown that he has a substantial

---

[2] The Fifth and Sixth Circuits have reached the same conclusion. *See, e.g.*, *Valentine v. Collier*, 956 F.3d 797, 802–03 (5th Cir. 2020); *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020).

3

likelihood of success on the merits of his Eighth Amendment claim. Nothing in the record suggests that Defendants acted with deliberate indifference when they transferred the inmates who had tested positive for COVID-19 from Easterling to Ventress.

Second, and more importantly, the Alabama Department of Corrections has undertaken numerous health and safety measures to mitigate the spread of COVID-19 at Ventress.[3] As previously explained, an increased risk of contracting COVID-19 within a prison does not amount to deliberate indifference if the defendant prison officials acted reasonably to mitigate the spread of the virus. *Swain*, 961 F.3d at 1289. Here, there is substantial evidence that Ventress officials acted reasonably in combating the spread of COVID-19. Accordingly, the undersigned finds that Smith has not shown a substantial likelihood of success on the merits of his Eighth Amendment claim.

The undersigned also finds that Smith has not demonstrated that he will suffer irreparable injury absent the requested injunctive relief. The inquiry is not whether Smith has shown that the virus poses a danger to him in the abstract, but rather whether he has shown that he "will suffer irreparable injury 'unless the injunction issues.'" *Id.* (quoting *Jones v. Governor of Fla.*, 950 F.3d 795, 806 (11th Cir. 2020)). The alleged "irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). A "possibility" of irreparable harm is insufficient. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

---

[3] *See, e.g.*, Assoc. Comm'r. Naglich Decl. (Doc. 33-1) pp. 1–16; *Warden Headley Decl.* (Doc. 33-4) pp. 1–5; *Nurse Johnson Decl.* (Doc. 33-5) pp. 2–10.

Even without a global pandemic, "there is always an unfortunate risk that detainees will be exposed to certain communicable diseases" while incarcerated "due in obvious part to limited space, overpopulation, and lack of resources" in the prison system. *Matos v. Lopez Vega*, 2020 WL 2298775, at *10 (S.D. Fla. May 6, 2020). These shortcomings, however, "do not automatically translate into a constitutional violation." *Id.* Here, Smith has failed to establish that he will suffer an irreparable injury—one that is actual and imminent—absent the issuance of a preliminary injunction.

Finally, the undersigned finds that Smith has failed to establish that the requested injunction, if issued, would not be adverse to interests of the Government and public. The Government has a significant public interest in the administration of its prisons. *See, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 94 (2006); *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973). Here, the requested injunction, if issued, would likely be adverse to that interest. Smith, for his part, has not shown otherwise. For these reasons, Smith has failed to make the showings necessary to receive a preliminary injunction.

## IV. CONCLUSION

The undersigned Magistrate Judge therefore RECOMMENDS that Smith's Motion for Preliminary Injunction (Doc. 13) be DENIED.

It is ORDERED that the parties shall file any objections to this Recommendation on or before **June 24, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions

of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 10th day of June, 2021.

                                            Stephen M. Doyle
                                            CHIEF U.S. MAGISTRATE JUDGE