IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBY G. SMITH, JR., AIS #283200, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:20-cv-667-ECM |
| | ) | [WO] |
| REOSHA BUTLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

On August 17, 2023, the Magistrate Judge entered a Recommendation that the Defendants' motion for summary judgment (doc. 33) be granted on the Plaintiff's claims in this 42 U.S.C. § 1983 action. (Doc. 54). The Plaintiff filed objections to the Recommendation. (Doc. 57). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).

However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections. To the extent the Plaintiff makes conclusory objections, these objections are reviewed for clear error and are due to be overruled.

In his amended complaint (the operative complaint), the Plaintiff brings § 1983 claims arising out of the transfer of inmates who had tested positive for COVID-19 from Easterling Correctional Facility to Ventress Correctional Facility, where the Plaintiff is and was confined. (Doc. 13). In his objections, the Plaintiff contends that he also brought claims regarding (1) the high temperatures in Alabama prisons, and (2) gang violence and understaffing. He further contends that the Defendants failed to address those claims in their Special Report (doc. 33). Upon review of the Plaintiff's amended complaint (doc. 13), the Court finds the Plaintiff's contentions unavailing. Accordingly, this objection is due to be overruled.

The Plaintiff also argues that granting summary judgment would violate his Seventh Amendment right to a jury trial because he demanded a jury trial in his Amended

Complaint. But whether the Plaintiff made a jury demand has no bearing on whether summary judgment is appropriate. Accordingly, this objection is due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows that:

1. The Plaintiff's Objections (doc. 57) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 54) is ADOPTED;

3. The Defendants' Answer and Special Report (doc. 33) is construed as a motion for summary judgment, and the motion for summary judgment (doc. 33) is GRANTED;

4. This case is DISMISSED with prejudice.

A separate Final Judgment will enter.

DONE this 25th day of September, 2023.

                                /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE